1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MARK A. THIEL, ESQ.   SBN 182045
LAW OFFICES OF MARK A. THIEL
3439 Brookside Road, Suite 205
Stockton, CA  95219
Telephone: (209) 951-9600
Facsimile: (209)  475-4951
Email: mark@matlaw.net

Attorney for PLAINTIFF,
SCOTT ANDERSON,

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ANDERSON,<br><br>          PLAINTIFF,<br><br>     v.<br><br>PR HOSPITALITY, INC.; DOES 1 through 20,<br>inclusive;<br><br>          DEFENDANTS. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; TITLE III OF THE AMERICANS WITH DISABLITIES ACT OF 1990; VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT CAL CIV. CODE § 51, et seq., THE CALIFORNIA DISABLED PERSONS ACT CAL CIV. CODE § 54, et seq.**<br><br>DEMAND FOR JURY TRIAL |

## I. SUMMARY

1.     This is a civil rights action by PLAINTIFF SCOTT ANDERSON (hereinafter

"PLAINTIFF"), for discrimination at the building, structure, property and land known as:

HOLIDAY INN, 2455 Riverside Avenue, Paso Robles, California 93446.

2.      PLAINTIFF seeks damages, injunctive and declaratory relief, attorney fees and costs against the DEFENDANTS pursuant to the American with Disabilities Act of 1990, 42 U.S.C §12101 et seq. (hereinafter "ADA") and violations of the California Unruh Civil Rights Act, California Civil Code section 51 et seq., and the California Disabled Person's Act.  (California Civil Code section 54 et seq.

## II.  JURISDICTION

3.      The United States District Court, Eastern District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. §12101 et seq.  The Court also has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367, because the state law claims arise out of the same case or controversy.

## III.  VENUE

4.      All actions complained of herein take place within the jurisdiction of the United States District Court, Eastern District of California, and venue is invoked pursuant to 28 U.S.C. §1391(b), (c).  Additionally, the real property that is the subject of this action is located in the United States District Court, Eastern District of California.

## IV.  INTRADISTRICT

5.      This civil case should be assigned to the Fresno intradistrict because the civil rights violations occurred in, and PLAINTIFF'S rights arose in, the Fresno intradistrict.  PLAINTIFF will stipulate to a Voluntary Dispute Resolution Program.  PLAINTIFF consents to an early Settlement Conference.

# V. PARTIES

6.      DEFENDANT PR HOSPITALITY, INC. (hereinafter "DEFENDANT") is a hotel business establishment, providing lodging services, open to the public with onsite public parking, located at 2455 Riverside Avenue, Paso Robles, California 93446.

7.      PLAINTIFF is an American with physical impairments and is a "person with a disability" and a "physically handicapped person" pursuant to the rules and regulations of the ADA, *42 U.S.C §12102 (2)(A); 28 C.F.R §36.104, and related California statutes including California Civil Code §51, et seq., and §54, et seq.  PLAINTIFF suffers from cardio vascular disease for which he has undergone surgeries, has loss of hearing, had multiple surgeries for degenerative disc disease and arthritis in his lower back, and his ability to walk and ambulate has been impaired by the above conditions to the degree that he requires the use of a cane and/or walker for assistance in his daily life activities.  PLAINTIFF can, however, drive a motor vehicle and when he does, he brings his cane or walker to assist in his mobility.

# VI. GENERAL ALLIGATIONS

8.      DEFENDANT is a "public accommodation" as defined by 42 U.S.C §12181(7); 28 C.F.R. §36.104 and subject to the requirements of California Civil Code §51 and §52 since it is a business open to the public.  DEFENDANT is open to the public whose sole purpose is intended for nonresidential commercial use and whose operation affects interstate commerce.

9.      On February 20, 2016, PLAINTIFF patronized DEFENDANT'S hotel, where he suffered great difficulty, discomfort, and embarrassment in his efforts to both access and use DEFENDANT'S place of business. Whether through neglect, apathy or otherwise, DEFENDANT'S facilities were not compliant with numerous state or federal ADA rules and regulations.

10.     PLAINTIFF found the use of the bathroom shower difficult to manage as it did not have any

grab bars to allow PLAINTIFF to move around to operate the shower, making it difficult for PLAINTIFF to bathe in DEFENDANT'S guestroom.

11.     DEFENDANT failed to provide a safe slip proof floor to its bathroom in said guestroom as required by law. This made it difficult and embarrassing for PLAINTIFF to manage his travel on the floor. The counter for the sink had no handicapped access, having shelf under the sink, exposed pipes posing a danger and making the sink inaccessibility for a handicapped person.

12.     DEFENDANT failed to provide access to fixtures and accessories in the same bathroom as required by law causing humiliation and discomfort to PLAINTIFF. There were no towel racks or bars within 54 inches of the floor. There were no towel racks or bars within close proximity of exiting the shower. This required PLAINTIFF to exit the shower and attempt to traverse the floor to obtain his towel. When PLAINTIFF exited the shower there was no grab bar to secure his footing outside the shower. PLAINTIFF was forced to attempt to hold onto the sink counter- top to access towels which were situated 7 feet away and stored in a cupboard more than 54 inches above the floor. When PLAINTIFF stepped onto the floor in question he slipped and fell. PLAINTIFF'S legs slid under the sink where they struck the shelf under the sink obstructing access to handicapped persons. This caused PLAINTIFF to suffer lacerations to his right leg requiring medical attention and treatment. PLAINTIFF continues to suffer physical pain and has significant scarring.

13.     These failures prevented PLAINTIFF from using the bathroom causing himself to suffer physical injuries. Additionally, accessible accessories were not placed in their proper positions, neither at the required heights making them inaccessible to PLAINTIFF, e.g., the towel rack or bar, shower grip bars, the floors not being non-slip, the counter for the sink having no clearance underneath for a handicapped person, dispenser, mirror, hook on doorway, soap dish, and light switch were all placed too high.

14.     On every date mentioned in this complaint, PLAINTIFF personally encountered physical barriers that interfered with, if not outright denied, PLAINTIFF'S ability to use and enjoy the goods, services, privileges and accommodations offered by DEFENDANT.

15.     These physical barriers violate the explicit statutory mandate to remove all barriers that are "readily achievable".

16.     PLAINTIFF seeks injunctive relief to require DEFENDANT to remove all architectural barriers related to his and other disabilities and to comply with the ADA and Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG") contained in 28 CFR Part 36.

17.     PLAINTIFF is deterred and forgoes visits to DEFENDANT based upon personal knowledge of existing barriers.  PLAINTIFF understands he is not required to engage in the "futile gesture" of actually returning to the inaccessible place of public accommodation, however, PLAINTIFF wishes to return to DEFENDANT once the physical barriers are eliminated.

## VII. FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA

18.     PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 17.

19.     Title III of the ADA, and the regulations promulgated thereunder, require that after January 26, 1992, all new construction and alterations of facilities for the use of the public be designed and constructed in such a manner that the public accommodation is readily accessible to, and usable by, individuals with disabilities.

20.     DEFENDANT discriminated, and each of them, against PLAINTIFF on the basis of PLAINTIFF'S disabilities and denied PLAINTIFF the opportunity to participate in, or benefit from,

the goods, services, facilities, privileges, advantages or accommodations, in violation of 42 U.S.C. §12182(a), 42 U.S.C. §12182(b)(1)(A)(I).

21.     Moreover, DEFENDANT'S conduct denied PLAINTIFF, on the sole basis of PLAINTIFF'S disabilities, the opportunity to participate in, or benefit from, a good, service, privilege, advantage or accommodation that was equal to that afforded to other individuals in violation of 42 U.S.C. §12181(b)(1)(A)(ii).

22.     Furthermore, DEFENDANT failed to provide PLAINTIFF with it's goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to a disabled person's, including PLAINTIFF'S, individual needs in violation of 42 U.S.C. §12182(b)(1)(B).

23.     **INJUNCTIVE RELIEF:**  PLAINTIFF seeks injunctive relief to prohibit the acts and omissions of DEFENDANT as complained of herein which have the effect of wrongfully discriminating against PLAINTIFF and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions were the cause of humiliation and physical, mental, and emotional suffering of the PLAINTIFF in that these actions treated PLAINTIFF as an inferior and second-class citizen and served to discriminate against him on the sole basis that PLAINTIFF is, and at all times mentioned in this complaint was, a person with disabilities.  PLAINTIFF is currently deterred from patronizing DEFENDANT and will be unable to achieve equal access to services and facilities at the public accommodation so long as such acts and omissions of DEFENDANT continues.  The acts of DEFENDANT proximately caused irreparable injury to PLAINTIFF and will continue to cause irreparable injury to PLAINTIFF and to other disabled persons if not enjoined by this District Court.

24.      As of the date of the filing of this complaint, DEFENDANT continues to be in violation of state and federal ADA law in that the complained of property and businesses are, and continue to be, generally inaccessible for use by physically disabled persons such as PLAINTIFF.  PLAINTIFF requests that an injunction be ordered requiring that the DEFENDANT take prompt action to modify the aforementioned policies and public facilities to render them accessible to and usable by PLAINTIFF, and thereby make DEFENDANT'S services available to and usable by physically disabled persons, including PLAINTIFF.

25.      Wherefore, PLAINTIFF prays the District Court grant relief as requested below.

## VIII. SECOND CLAIM
## VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 51, et seq.

26.      PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 26.

27.      California's Civil Code §51(b) requires that individuals with disabilities have "full and equal accommodations, advantages, facilities, privileges or services in all establishments of every kind whatsoever." DEFENDANT, and at all times mentioned in this complaint was, violating the California Civil Code §51 through DEFENDANT'S failure to remove architectural and accessibility barriers to the public accommodations and also through the disparate treatment of the PLAINTIFF.

28.      DEFENDANT, complained of herein, located at 2455 Riverside Drive, Paso Robles, California 93446.  DEFENDANT, is, and at all time mentioned in this complaint was, a "public accommodations" pursuant to the ADA and the California Civil Code.

29.      PLANTIFF encountered accessibility barriers and was also subjected to disparate treatment while she patronized DEFENDANT'S public accommodations.

30.     DEFENDANT has, and at all times mentioned in this complaint had, architectural and accessibility barriers that limited access for disabled individuals, including PLAINTIFF.  The accessibility denied PLAINTIFF, and other disabled persons to the equal access at DEFENDANT and its accommodations, advantages, facilities, privileges, and services resulted in discrimination against PLAINTIFF on the sole basis of PLAINTIFF'S disabilities.  DEFENDANT'S violations are ongoing.

31.     DEFENDANT'S actions constitute intentional discrimination on the basis of PLAINTIFF'S disabilities in violation of the California Civil Code §51 in that: 1.)  DEFENDANT owned, operated and maintained public accommodations with customer service counters that were not ADA compliant and were inaccessible to disabled persons, and PLAINTIFF in particular; 2.) DEFENDANT knowingly failed to remove architectural and access; 3.)  DEFENDANT subjected PLAINTIFF to disparate treatment when PLAINIFF was treated differently from other members of the public due to PLAINTIFF'S disabilities.

32.     California Civil Code §52 provides that the discrimination by DEFENDANT against PLAINTIFF on the basis of PLAINTIFF'S disability constitutes a violation of the general anti-discrimination provisions of California Civil Code §51 and §52.

33.     DEFENDANT'S discrimination constitutes a separate and distinct violation of California Civil Code §52, which provides that:

        "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to California Civil Code §51, §51.5, or §51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars

($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in §51, §51.5, or §51.6."

34.    DEFENDANT knowingly violated California Civil Code §51 intentionally and/or with deliberate indifference to the likelihood that they were violating the rights of disabled people.  In addition, DEFENDANT'S violations were so intuitive or obvious that noncompliance could not be other than intentional.  In addition, PLAINTIFF put DEFENDANT on notice of the physical barriers many times over the last year.

35.    The acts and omissions of DEFENDANT, as herein alleged, constitute a denial of access to, and use of, the described public facilities by physically disabled persons within the meaning of California Civil Code §51 and §52.  As a proximate result of DEFENDANT'S acts and omissions, DEFENDANT discriminated against PLAINTIFF in violation of California Civil Code §51 and §52.

36.    Any violation of the ADA also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law.  Per California Civil Code §51(f), "(A) violation of the right of any individual under the ADA (Public Law 101-336) shall also constitute a violation of this section."

37.    Wherefore, PLAINTIFF prays the District Court grant relief as requested below.

## IX.  THIRD CLAIM

## VIOLATIONS OF CALIFORNIA CIVIL CODE § 54, et seq. – THE CALIFORNIA
## DISABLED PERSONS ACT

38.    PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 37.

39.     The California Disabled Persons Act, California Civil Code §§54 and 54.1, (Hereinafter "CDPA"), guarantees people with disabilities full and free use of all public places and full and equal access to all places to which the public is invited.

40.     DEFENDANT is, and at all times mentioned in this complaint was, violating the rights of disabled persons, and violated the rights of PLAINTIFF, by denying him equal access to a public place through architectural barriers and disparate treatment.

41.     DEFENDANT owns, operates, controls and/or leases a "public place" within the meaning of the CDPA.  By failing to remove architectural barriers or to provide reasonable accommodations to the PLAINTIFF, DEFENDANT violated PLAINTIFF'S rights under the CDPA.

42.     The actions of the DEFENDANT are, and at all times mentioned in this complaint were, in violation of the CDPA.

43.     PLAINTIFF is entitled to damages for each offense, and to declaratory relief under California Civil Code §54.3.

44.     PLAINTIFF is also entitled to reasonable attorneys' fees and costs under the CDPA.

45.     Wherefore, PLAINTIFF prays the District Court grant relief as requested below.

## X.  FOURTH CLAIM

### PREMISES LIABILITY

46.     PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 45.

47.     PLAINTIFF alleges on or about February 20, 2016, PLAINTIFF was injured on DEFENDANT'S property located at 2455 Riverside Drive, Paso Robles, CA 93446 when he slipped on the bathroom floor of one of DEFENDANT'S guestrooms, specifically room 403, which was represented by DEFENDANTS as being a room designated for servicing handicapped individuals,

and being ADA compliant.  The floor was not a slip resistant floor.  The bathroom to said guestroom did not have towel racks or bars situated 54 inches above the floor, neither was one accessible from the shower.  In addition, said bathroom did not have grip bars within or just outside the shower stall for plaintiff to grab hold.  Also, the sink or wash basin was not compliant with ADA in that is contained a shlf under the sink preventing wheelchair access.

48.     PLAINTIFF slipped because he had nothing to grab hold of to secure his footing to get a towel.  In addition, PLAINTIFF could not access a towel from the shower, neither was there a place designed to hang the towel in close proximity to said shower.  Therefore, PLAINTIFF was forced to attempt to manage his way to locate the towel after showering.

49.     The DEFENDANT had a general duty and a duty arising under the Americans with Disabilities Act (ADA), and the Unruh Civil Rights Act, and the California Disabled Persons Act to provide safe, convenient, and accessible facilities to the PLAINTIFF.

50.     The DEFENDANT negligently owned, maintained, managed, and operated the described premises, and had total control over its construction and operations.  By encountering the lack of accessible handicapped facilities plaintiff has experienced pain, suffering, difficulty, embarrassment, humiliation and discomfort.  PLAINTIFF alleges DEFENDANT breached his duties alleged in the preceding paragraphs, and that these acts, and failure to act properly act were the direct and legal cause of damages to PLAINTIFF.

51.     The aforementioned fall that is the subject matter of this litigation severely injured PLAINTIFF'S right leg, hip and shoulder which required extensive medical care and treatment.  PLAINTIFF has since incurred monetary damages for said medical care and treatment, all to his damages.

## XI.  PRAYER

WHEREFORE, PLAINTIFF prays the following:

1.      Issue a preliminary and permanent injunction directing the DEFENDANT to modify it's facilities and policies as required by law to comply with the ADA and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANT provides adequate access to all citizens, including persons with disabilities; issue a preliminary and permanent injunction directing DEFENDANT to maintain it's facilities usable by PLAINTIFF and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.      Retain jurisdiction over the DEFENDANT until such a time as the District Court is satisfied that DEFENDANT'S unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.      Award to PLAINTIFF all appropriate damages, including, but not limited to, statutory damages and general damages in an amount within the jurisdiction of the District Court, according to proof;

4.      Award PLAINTIFF all special damages, according to proof;

5.      Award PLAINTIFF all litigation expenses and costs of this proceeding, including all reasonable attorney fees as provided by law; and

6.      Grant such other and further relief as this District Court may deem just and proper.

Date: June 27, 2017.


                                        /s/ MARK A. THIEL
                                        By: Mark A. Thiel
                                        Attorney for PLAINTIFF
                                        Scott Anderson

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury pursuant to FRCP 38(b) on all issues of law raised in the complaint.

Date: June 27, 2017.

/s/ MARK A. THIEL
By: Mark A. Thiel
Attorney for PLAINTIFF
Scott Anderson