**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PR HOSPITALITY, INC.; DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No.: 1:17-cv-00870-LJO-BAM<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL INSPECTION OF PROPERTY, SANCTIONS AND CONTEMPT OF COURT<br><br>(ECF Nos. 29, 34) |

**INTRODUCTION**

Plaintiff Scott Anderson ("Plaintiff") moves to compel a second site inspection of Defendant PR Hospitality, Inc.'s ("Defendant") property. Plaintiff also seeks the imposition of discovery sanctions and a finding of contempt of court. (ECF No. 29.) Defendant opposed the motion on March 23, 2018, and, in a counter request, seeks sanctions against Plaintiff for the failure to comply with Local Rule 251. (ECF No. 30.) Plaintiff replied on March 29, 2018. (ECF No. 34.) The matter came before the Court for hearing on April 6, 2018. Attorney Mark Thiel appeared by telephone on behalf of Plaintiff. Attorneys James Van and Elizabeth Rhodes appeared by telephone on behalf of Defendant.

Having considered the parties' briefs and arguments, along with the record in this matter, Plaintiff's motion to compel inspection and for sanctions shall be GRANTED, and Plaintiff's motion

for a finding of contempt of court shall be DENIED. Additionally, Defendant's counter request for sanctions shall be DENIED.

## BACKGROUND

Plaintiff instituted this action on June 30, 2017. In the complaint, Plaintiff alleges that he is disabled within the meaning of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. He suffers from cardiovascular disease, loss of hearing, and arthritis for his back, and his ability to walk and ambulate has been impaired such that he requires the use of a cane and/or walker to for assistance. (ECF No. 1, Compl. at ¶ 7). On February 20, 2016, Plaintiff patronized Defendant's hotel, and contends that the shower in his guest room did not have grab bars, the bathroom did not have a safe, slip-proof floor, the counter for the sink had no handicapped access, with a shelf under the sink and exposed pipes, and there were no towel racks or bars within 54 inches of the floor or in close proximity to exiting the shower. When Plaintiff exited the shower, there was no grab bar, and while attempting to traverse the floor to reach his towel, he slipped and fell, resulting in lacerations to his right leg. Plaintiff also alleges that accessible accessories were not placed in their proper positions, at the required heights, making them inaccessible to him, e.g. the towel rack or bar, shower grip bars, floors not being non-slip, sink counter with no clearance underneath for a handicapped person, dispenser, mirror, hook on doorway, soap dish and light switch placed too high. (*Id.* at ¶¶ 10-13.)

Defendant answered the complaint on August 30, 2017, and the Court held a scheduling conference on January 16, 2018. (ECF Nos. 7, 22.) Based on the Court's Scheduling Order, the deadline to complete discovery in this action is June 11, 2018.

In February 2018, the parties contacted the Court to request an informal discovery dispute conference regarding an inspection of the property. Plaintiff reportedly had been requesting inspection of Defendant's hotel since September 2017, but Defendant ultimately refused any inspection of the property except the single room reserved for Plaintiff on the day of the injury. Plaintiff therefore sought an order allowing inspection of the hotel to include (1) all exterior and interior areas open to the public, (2) all ADA handicapped accessible rooms regardless of type or classification, and (3) all guest rooms with shower floors flush with the floor.

On February 15, 2018, the Court held an informal telephone conference off the record to discuss Plaintiff's request for an inspection. The parties stipulated to an informal conference in lieu of a formal noticed motion and to the Court's ruling on the dispute. After considering the parties' arguments, including their informal briefing, the Court granted Plaintiff's request to conduct a site inspection of Defendant's hotel premises. (ECF No. 27.) In relevant part, the Court's order stated:

> Plaintiff will be permitted to have his expert conduct a site inspection of the hotel as follows: (1) all exterior and interior areas of the hotel open to the public; (2) all Americans with Disabilities Act ("ADA") handicapped accessible rooms regardless of type or classification; and (3) all guest rooms that have a shower floor flush with the bathroom floor. The requested inspection is relevant to the claims and defenses in this action and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1034-44 (9th Cir. 2008) (disabled plaintiff in ADA action entitled to conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim). IT IS FURTHER ORDERED that the parties shall meet and confer to select a mutually convenient date and time for conducting the site inspection, and the inspection shall be completed within thirty (30) days of the date of this order. Additionally, if one or more of the rooms subject to inspection is occupied on the relevant date, Plaintiff's expert and counsel may enter the room with housekeeping, along with Defendant's representative or counsel, to complete the inspection, provided any requisite notice is given to the occupant.

(*Id.*)

On March 5, 2018, a partial site inspection was completed by Plaintiff's expert.

On March 9, 2018, Plaintiff's counsel submitted an informal letter to both the Court and defense counsel concerning a dispute regarding the site inspection ordered by the Court, but not completed. The informal letter did not comply with this Court's informal discovery procedures or the Local Rules regarding a motion to compel discovery. As a result, the Court informed the parties that it would take no action on the letter, but directed Plaintiff to file a motion to compel discovery pursuant to Local Rule 251 in order to resolve the dispute. (ECF No. 28.)

On March 13, 2018, Plaintiff filed the instant motion to compel, complaining that Defendant limited the site inspection to five hours, and refused to allow Plaintiff's expert to complete the inspection after expiration of the five hours. (ECF No. 29.) Plaintiff now seeks an order to compel the completion of the inspection, an order for contempt, and monetary sanctions in the form of attorney's fees and costs to travel back to the property to complete the inspection. (*Id.* at p. 7.)

On March 23, 2018, Defendant opposed the motion, arguing that the motion to compel is moot because Defendant does not object to having a second site inspection. Defendant conversely requests that the Court sanction Plaintiff in an amount equal to the costs incurred to respond to the motion to compel. (ECF No. 30.)

**DISCUSSION**

**I.     Parties' Positions**

   **A.  Plaintiff's Motion**

In the motion, Plaintiff explains that following the Court's informal ruling, the parties agreed on March 5, 2018, as the date for the site inspection. Although Defendant proposed a five-hour time limit for the inspection (12:00 p.m. to 5:00 p.m. or 1:00 p.m. to 6:00 p.m.), Plaintiff would not commit to such a restriction. Thereafter, Plaintiff's counsel and his expert arrived at the hotel on the morning of March 5, but were not permitted to begin the inspection before 12:00 p.m. During the inspection, Plaintiff discovered that there were two buildings to inspect. Five hours proved not enough time to complete the inspection, in part because Defendant reportedly dictated when and where Plaintiff could conduct the inspection. (ECF No 29 at p. 5.) At 5:00 p.m., Defendant's representative and defense counsel stopped the inspection. When Plaintiff's expert attempted to complete the inspection, Plaintiff's counsel and his expert were instructed to leave the property. Plaintiff reports that the remaining areas for inspection are public access areas to the main building, and include the breakfast area, computer area, 2 public restrooms (ADA accessible), fitness room, swimming pool, reception area, check-in desk and signage. (*Id*.)

Plaintiff further explains that the following day, on March 6, 2018, Plaintiff's counsel attempted to meet and confer with defense counsel and proposed dates and time for an informal conference with the Court. Defense counsel did not respond. The next day, Plaintiff's counsel called defense counsel and was forced to leave a message. There was no response. Plaintiff's counsel then sent an email to the Court and copied it to defense counsel. Later that day, defense counsel responded by email, refusing to meet and confer and informing counsel that the dates provided for the informal conference did not work. When Plaintiff's counsel responded wanting to meet and confer, defense counsel refused. (*Id*. at p. 6.) The instant motion followed.

Plaintiff now argues that Defendant (1) denied Plaintiff the ability to complete the inspection; (2) unilaterally restricted the time of the inspection; (3) denied Plaintiff further access to complete the inspection within the court-ordered time frame; and (4) refused to meet and confer on the issue. Plaintiff therefore requests that the Court impose sanctions for Defendant's failure to comply with the Court's discovery order pursuant to Federal Rule of Civil Procedure 37(b)(2). Plaintiff asks for sanctions in the amount of his attorney fees and expert costs for having to return to Paso Robles to complete the inspection. Plaintiff reports that he bills at $350.00 per hour, and if forced to the return to the properly to complete the inspection it would require at least 8 hours of driving time, plus food, lodging and car expense. (Doc. 29, Declaration of Mark A Thiel at ¶ 23.) Plaintiff further declares that the expert, Cris Vaughn, charges a rate of $295 per hour, and if forced to travel to Paso Robles to complete the inspection, he would expend an additional time of 10 hours, plus food, lodging and car expenses. (*Id.* at ¶ 26.) Plaintiff further requests that the Court hold Defendant in contempt for failure to obey a court order pursuant to Rule 37(b)(2), and impose a fine.

### B. Defendant's Response

Defendant does not object to having a second site inspection, and thus contends that the motion to compel is moot. However, Defendant does oppose Plaintiff's request for sanctions and a finding of contempt, and instead requests that the Court sanction Plaintiff for the failure to meet and confer prior to filing the instant motion. (ECF No. 30 at p. 7.)

Defendant explains that following the February 15, 2018 conference with the Court and the Court's related order, the parties agreed to re-schedule the site inspection for March 5, 2018, from the hours of 12:00 p.m. to 5:00 p.m. (ECF No. 31, Declaration of James Van ("Van Decl.") at ¶ 7; ECF No. 29, Ex. C.) Plaintiff had originally proposed a five-hour timeframe in his Rule 34 Request, and defense counsel therefore suggested the 12:00 to 5:00 window to accommodate the hotel's tenants. Plaintiff's counsel reportedly agreed to the timeframe. (*Id.*)

The site inspection then took place on March 5, 2018. Present on behalf of Defendant were Attorney James Van, Attorney Arthur Khurin (co-counsel on premises liability), hotel owner Shawn Styler, and general manager John Arnold. (Van Decl. at ¶ 9.) The inspection began at 12:00 p.m. as planned once all parties had convened. (*Id.*) During the inspection, Defendant only directed the

expert's inspection with respect to the occupied rooms in order to accommodate the tenants. (*Id.*) At 5:00 p.m., the expert still had not inspected the public access areas of the main building. Plaintiff's counsel requested that they continue, stating that about one more hour was needed. (*Id.* at ¶ 10.) Defense counsel James Van informed Plaintiff's counsel that the inspection could not continue. He and the hotel's representative's had other obligations. In particular, Attorney Van had made plans to travel to Modesto to attend another matter that same evening, and the hotel was hosting a reception in the main building. (*Id.*; ECF No. 32, Declaration of Shawn Styler ("Styler Decl.") at ¶ 7.) Defense counsel told Plaintiff's counsel that the hotel was willing to have a second inspection and that he would discuss the time and date. (Van Decl. at ¶ 10; Styler Decl. at ¶ 7.) After Attorney Van and Attorney Khurin left the hotel, Mr. Styler (hotel owner) and Mr. Arnold (general manager) stayed as long as they could to allow the inspection to continue. (Styler Decl. at ¶ 8.) Around 5:25 p.m., Plaintiff's counsel and the expert stated that they needed another 15 minutes to complete the inspection, but Mr. Styler informed them that they would have to leave because there was no one to supervise the inspection after that point. (*Id.*)

Defendant claims that Plaintiff's counsel did not meet and confer concerning the second inspection before filing the instant motion. Instead, Plaintiff's counsel sought hearing dates from the Court. On March 6, 2018, the day after the inspection, Plaintiff's counsel emailed defense counsel and proposed dates for a court hearing, but did not mention a second inspection. On March 7, 2018, defense counsel responded regarding the dates and counsel exchanged emails concerning dates through March 8, 2018. (Ex. E to Van Decl.)

On March 7, 2018, Plaintiff's counsel also submitted a letter to the Court concerning the inspection and stated that he needed another one (1) to one and half (1.5) hours to complete a second inspection. He did not meet and confer regarding a second inspection prior to submitting the letter. (Van Decl. at ¶ 12.) Plaintiff's counsel also did not meet and confer regarding the second inspection prior to submitting the motion to compel on March 13, 2018. (*Id.*)

On March 14, 2018, after receiving the motion to compel, defense counsel emailed Plaintiff's counsel outlining the failure to meet and confer concerning a second site inspection. Defense counsel reiterated that Defendant was willing to have a second site inspection, requested dates for the

inspection and also requested that the motion to compel be withdrawn. (Ex. E to Van Decl.) On March 15, 2018, Plaintiff's counsel responded, but did not broach the issue of a second inspection or provide dates. (*Id.*) On March 16, 2018, defense counsel emailed Plaintiff's counsel and suggested dates for the second inspection, but Plaintiff's counsel did not identify a date and has refused to withdraw the motion. (*Id.*)

With respect to Plaintiff's request for sanctions and finding of contempt, Defendant argues that such a request is misplaced because Defendant did not refuse to comply with the Court's order. Defendant asserts that the order did not afford Plaintiff an unlimited amount of time for the inspection, and the parties mutually agreed to a five-hour inspection. Defendant also argues that there is nothing in the Court's order that prohibited a second, subsequent inspection from taking place, and Defendant did nothing to impede a second inspection.

Pursuant to Local Rule 110, Defendant now requests that the Court impose sanctions on Plaintiff in an amount equal to the cost incurred to respond to the motion, which is approximately $4,700.00. (Van Decl. ¶ 14.) Defendant contends that sanctions are warranted because (1) Plaintiff failed to meet and confer before filing this discovery motion as required by Local Rule 251; (2) Plaintiff failed to meet and confer regarding a second inspection; and (3) Plaintiff failed to prepare and file a joint statement with his discovery motion as required by Local Rule 251, and did not mention the joint statement in any correspondence with defense counsel, which compounded the failure to meet and confer. Defendant contends that if Plaintiff had engaged in meet and confer efforts it would have been clear that the motion was unnecessary.

### C. Plaintiff's Reply

Plaintiff agrees that the parties did not meet and confer on the second inspection, but contends that such failure was the fault of defense counsel, who refused to meet and confer at the hotel when he stopped the inspection and who refused to respond to emails and a phone call for two days after the inspection. Plaintiff further contends that the parties did not mutually agree that the inspection would end at 5:00 p.m.

Plaintiff also disputes what took place at 5:00 p.m. on the date of the inspection. In particular, Plaintiff contends that defense counsel Van approached Plaintiff and his expert and told them that the

7

inspection was over, the inspection did not go on for another 30 minutes, and when Plaintiff attempted to complete the inspection, the hotel owner stopped him.

Plaintiff further argues that the assertion of a function scheduled in the main hotel was a ruse and contrary to events witnessed by counsel. Plaintiff reportedly parked across the street and watched for another hour and no such function occurred. Plaintiff also queries why the site inspection could not have started sooner if there allegedly was an evening function.

**II.     Legal Standard**

Rule 34 requests may be used to inspect documents, tangible things, or land in the possession, custody, or control of another party. Rule 34(a). There is no real dispute but that Plaintiff may inspect Plaintiff's property in this action. Therefore, the Request for a second inspection will be granted.

Sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include treating as contempt of court the failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A). Instead of or in addition to any such orders, the Court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(C).

Additionally, Local Rule 110 provides that "[f]ailure...of a party to comply...with any order of the Court may be grounds for imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions . . . ." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

**III.    Analysis**

After considering the parties' arguments, the Court does not find that Defendant wholly failed to permit the site inspection at issue, and declines to find Defendant (or defense counsel) in contempt of court. Instead, it appears that the parties failed to communicate their expectations concerning the time allotted for the initial site inspection during the meet and confer ordered by the Court. *See* ECF

8

No. 27 ("the parties shall meet and confer to select a mutually convenient date and time for conducting the site inspection".) The Court, during the informal conference, did not impose any time limitation. Further, from the discussion regarding Plaintiff's expert's travel and availability, it should have been clear that the inspection was to be completed in a single visit to the hotel premises. In addition, the parties, particularly Defendant, failed to identify any time constraints or other obligations that might interfere with completion of the site inspection during a single, five-hour visit to the hotel, e.g., other events scheduled at the hotel or competing commitments.

If the parties had clearly communicated prior to the inspection, then the problem, and the motion pending before the Court, could have been avoided. The parties have compounded the problem by (1) failing to engage in genuine meet and confer efforts regarding completion of the site inspection; (2) failing to engage in genuine meet and confer efforts prior to filing the instant motion to compel; (3) failing to comply with Local Rule 251, including a filing joint statement of discovery dispute; and (4) failing to conserve party and judicial resources by utilizing the Court's informal discovery procedures or resolving the matter without court intervention. In short, neither party is without fault in this dispute.

Nevertheless, the Court does find that sanctions are warranted based on Defendant's failure to allow for the inspection to be completed in a single-visit and within the thirty (30) day deadline imposed by the Court. Although Mr. Van explains that he was unable to remain at the hotel "because he had to attend to another matter," there is no indication that this unidentified "matter" could not be rescheduled, delayed, or otherwise attended to at a later time. (ECF No. 31, Van Decl. at ¶ 10.) The presence of co-counsel also negates any excuse that Mr. Van had to leave and the inspection had to cease. Indeed, there is no indication in Defendant's papers demonstrating that co-counsel, Mr. Khurin, could not have remained on the premises in order to complete the inspection. There also is no explanation why the additional approximate 15 minutes requested for completion of the inspection could not have been accommodated by Mr. Styler or Mr. Arnold on March 5, 2018. While Defendant argues that there was a reception in the main common area, it is not explained why then the timeframe of 1:00 p.m. to 6:00 p.m. had been proposed as an option. It appears therefore that Defendant arbitrarily cut-off the inspection.

Accordingly, the Court orders sanctions in the amount of $500.00 to be paid by Defendant. However, the Court declines to order full payment of the expenses incurred, including attorney's fees, caused by the failure to complete the site inspection. The Court finds that full payment of the expenses would be unjust given Plaintiff's failure to comply with Local Rule 251 prior to filing the instant motion and Defendant's counter-request for sanctions based on that failure. Fed. R. Civ. P. 37(b)(2)(C).

**CONCLUSION AND ORDER**

For the reasons stated, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to compel a second site inspection is GRANTED;
2. As discussed at the hearing, and ordered by the Court, the parties shall meet and confer on or before April 9, 2018, to a schedule a mutually agreeable time and date for completion of the second site inspection. The second site inspection may not exceed four (4) hours in duration, and is limited to the public access areas of the main hotel building;
3. On or before April 12, 2018, Defendant shall file a status report identifying the date and time agreed upon by the parties for the second site inspection;
4. Plaintiff's motion for discovery sanctions is GRANTED in the amount of $500.00, and Defendant shall make payment to Plaintiff's counsel within twenty-one (21) days of the Court's order;
5. Plaintiff's motion for a contempt finding and related fines is DENIED; and
6. Defendant's request for sanctions based on Plaintiff's failure to comply with Local Rule 251 is DENIED.

IT IS SO ORDERED.

Dated: **April 9, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE